Thomas Walter POMORSKI,
Appellant,

v.

UNITED STATES of America,
Appellee.

No. 12337.

United States Court of Appeals
Sixth Circuit.

April 28, 1955.

Hayden C. Covington, Brooklyn, N. Y. (Irving H. Smith, Grand Rapids, Mich., on the brief), for appellant.

Wendell A. Miles, U. S. Atty., Grand Rapids, Mich. (Roman J. Snow, Grand Rapids, Mich., on the brief), for appellee.

Before SIMONS, Chief Judge, and McALLISTER and STEWART, Circuit Judges.

PER CURIAM.

Appellant, classified under the Universal Military Training and Service Act, 50 U.S.C.A.Appendix, §§ 451–470, in Class I-O as a conscientious objector, was convicted in the district court, 125 F. Supp. 68, of violating the Act in failing to report for work at the Northville State Hospital in Michigan as ordered by his local draft board. Section 456(j) of the Act provides in part that if a conscientious objector is found to be conscientiously opposed to participation in non-

combatant service with the Armed Forces, he shall, in lieu of induction into the Armed Forces "be ordered by his local board, subject to such regulations as the President may prescribe, to perform for a period equal to the period prescribed in section 4(b) such civilian work contributing to the maintenance of the national health, safety, or interest as the local board may deem appropriate * * *."

Section 1660.1 of the Selective Service Regulations, promulgated by Presidential Executive Order, lists the types of employment which may be considered as appropriate to be performed under the foregoing statutory provision as "civilian work contributing to the maintenance of the national health, safety, or interest." It includes "employment by the United States Government, or by a State, Territory or Possession of the United States, or by a political subdivision thereof, or by the District of Columbia."

 Appellant argues that the order to perform work in a *state* institution, and the regulations permitting such an order, are in conflict with the statute because such work does not contribute to the *"national* health, safety, or interest." He alternatively argues that if the statute be interpreted to permit the local board to order *him to* perform civilian services for a state institution, it violates the Thirteenth and Fifth Amendments to the Constitution.

The record shows that the Northville State Hospital is a mental hospital, caring for members of the public in need of its services, including veterans whose cost of hospitalization is in part defrayed by the national government through the Veterans Administration.

We think the appellant's contentions are without merit. The care and restoration of those in impaired mental health, whether carried on by a local, state or national institution, obviously contributes to the national interest. The regulations and order are thus clearly within the language of the statute. Moreover, the statute as so interpreted is clearly Constitutional. It is not the Constitution but Congressional policy which relieves the conscientious objector from the duty of bearing arms. United States v. Macintosh, 1931, 283 U.S. 605, 623, 624, 51 S.Ct. 570, 75 L.Ed. 1302. The appellant, at his own request, was so classified as to be accorded the privilege of civilian work in lieu of the duty to enter the Armed Forces. There can be no Constitutional challenge of the validity of an Act which gave appellant conditional exemption from a service which he could Constitutionally be compelled to perform. Roodenko v. United States, 10 Cir., 1944, 147 F.2d 752, certiorari denied, 1945, 324 U.S. 860, 65 S.Ct. 867, 89 L.Ed. 1418. See United States v. Niles, affirmed, 9 Cir., 1955, 220 F.2d 278; D.C.N.D.Cal., 1954, 122 F.Supp. 382; United States v. Smith, D.C.E.D.Ill., 1954, 124 F.Supp. 406.

The judgment of the district court is affirmed.