**UNITED STATES of America**

v.

**Richard Louis VON NIEDA.**

**Cr. No. 17880.**

United States District Court
E. D. Pennsylvania.

Sept. 30, 1955.

W. Wilson White, U. S. Atty., Department of Justice, Frank K. Tarbox, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Darlington Hoopes, Reading, Pa., for defendant.

CLARY, District Judge.

Richard Louis Von Nieda, defendant, was indicted on the charge of knowingly neglecting to perform a duty imposed upon him by the provisions of the Selective Service Act of 1948, as amended by the Universal Military Training and Service Act and the rules and regulations made pursuant thereto, in that he failed and refused to obey an order of Local Board Number 31, Reading, Pennsylvania, dated April 1, 1954, directing him to report to aforesaid Local Board for instructions concerning civilian work contributing to the maintenance of the national health, safety or interest, in violation of Title 50 U.S.C.A.Appendix, §§

456(j) and 462. The defendant was arraigned, pleaded not guilty, and was tried before the Court, without a jury. At the close of the Government's case a motion for judgment of acquittal was made, which was denied. The defendant then presented testimony at the conclusion of which, the case having closed when the defendant rested, a further motion for judgment of acquittal was made which motion was taken under advisement and is presently before the Court for disposition.

The facts of the case are not in dispute since the defendant, through counsel in his brief, has withdrawn the two defenses sought to be established by oral testimony. The defendant, who was born on July 9, 1931, in Berks County, Pennsylvania, registered with Local Board No. 31 in Reading, Pennsylvania, on July 13, 1949. He submitted his classification questionnaire and, although originally classified 1–A, on appeal he was properly classified 1–O, Conscientious Objector, since he is a member of Jehovah's Witnesses. On May 4, 1953, defendant was given a pre-induction physical examination and was found acceptable for service in the Armed Forces. Thereafter his Local Board advised him of civilian work available to him and after some correspondence between the Board and defendant, on September 23, 1953, he was requested to seek employment within ten days at either the Philadelphia State Hospital or the Pennsylvania Hospital in Philadelphia in civilian work which the Board determined to be "civilian work contributing to the maintenance of the national health, safety, or interest * * *." 50 U.S.C.A.Appendix, § 456(j). The defendant refused to do so and as a consequence, after further consultations with the defendant, the Board ordered defendant to report to it on April 12, 1954, for instructions to proceed to his assigned civilian employment, the Philadelphia State Hospital, an institution conducted by the Commonwealth of Pennsylvania at Philadelphia. He refused so to do and was indicted for such refusal.

The defendant in his written motion for judgment of acquittal clearly sets out the legal grounds on which he based his claim of right to acquittal of the charge contained in the indictment. They are as follows:

1. The denial of defendant's claim for exemption as a minister of religion by the Local Board is without basis in fact, arbitrary, capricious and contrary to law.

2. The Order of the Local Board for defendant to perform civilian work at the Philadelphia State Hospital, and Sections 1660.1 and 1660.20 of the Selective Service Regulations are in conflict with the Act, because the work is not national or federal work as required by the Universal Military Training and Service Act.

3. The Act, as construed and applied by the Regulations and the Order, calls for a private, non-federal draft for the performance of services that are not exceptional or related to the National Defense, in violation of the Thirteenth Amendment to the United States Constitution.

4. The Act, as construed and applied by the Regulations and the Order, is unconstitutional because it deprives defendant of due process of law contrary to the Fifth Amendment to the United States Constitution.

5. The Order of the Local Board for the defendant to perform civilian work is invalid because the Local Board failed to post conspicuously in the Local Board office the names and addresses of Advisors to Registrants within the Local Board area, as required by Selective Service Regulation Section 1604.41, and thereby deprive defendant of a substantial right.

The defendant, through his counsel, as aforesaid, has candidly conceded that the testimony, as given at the trial, does not support reason No. 1 and reason No. 5 of the motion. Consequently, the questions raised by these two contentions will not be discussed in this memorandum as they have been withdrawn from the Court's consideration.

The contentions advanced in reasons Nos. 2, 3 and 4, above set forth, involve serious questions of constitutional law. Were the contentions matters of first impression, difficult problems would be presented. However, as suggested in the Government's brief, each and every one of the questions have been presented to District and Appellate Courts of the United States in the last several years and uniformly the Courts under completely analogous facts have held against the contentions here advanced by the defendant. It would serve no useful purpose to here repeat what has been so often and so ably said by other courts in similar cases. The argument that work in a State Hospital is not "national" or "federal" has been unanimously rejected; see United States v. Hoepker, 7 Cir., 1955, 223 F.2d 921, and cases there cited. The further contentions that the Act, as construed and applied by the Regulations and the Order, conflicts with the Thirteenth Amendment and the due process clause of the Fifth Amendment have been several times litigated and as often rejected. The identical argument advanced as to the Thirteenth Amendment has been rejected in the following cases: United States v. Pomorski, D.C., 125 F.Supp. 68, affirmed 6 Cir., 222 F.2d 106; United States v. Sutter, D.C., 127 F.Supp. 109; United States v. Hoepker, D.C., 126 F.Supp. 118, affirmed, 7 Cir., 223 F.2d 921, supra; United States v. Smith, D.C., 124 F.Supp. 406; United States v. Thomas, D.C., 124 F.Supp. 411. With respect to the contention that the Act, as construed and applied by the Regulations and the Order, is unconstitutional because it deprives defendant of due process of law contrary to the Fifth Amendment to the United States Constitution, see United States v. Niles, D.C.N.D.Cal., 122 F.Supp. 382, affirmed, 9 Cir., 1955, 220 F.2d 278.

Defendant's motion for judgment of acquittal will, therefore, be denied. An appropriate order will be entered.