**HEFLIN v. SANFORD.**

No. 11009.

Circuit Court of Appeals, Fifth Circuit.

May 26, 1944.

No appearance for appellant.

M. Neil Andrews, U. S. Atty., and Harvey H. Tisinger, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before SIBLEY, McCORD, and LEE, Circuit Judges.

SIBLEY, Circuit Judge.

Appellant, being subject to the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix, § 301 et seq., was classified by his local board in IV-E as a conscientious objector, and ordered to report to a designated camp for work of national importance under civilian direction. He did not so report and was indicted, convicted, and imprisoned in the penitentiary. He seeks release by writ of habeas corpus on the broad ground that his conviction is unconstitutional in that the order to which he refused obedience exacted involuntary servitude contrary to the Thirteenth Amendment. The district judge discharged the writ on the authority of Falbo v. United States,

320 U.S. 549, 64 S.Ct. 346, and this appeal followed.

█ We do not think Falbo's case settles this one. Appellant is not contesting the classification given him by the local board, or seeking any review of its action. He simply says that he was ordered to do something prohibited by the Constitution and his refusal cannot be made a crime. If his contention is correct, his imprisonment is unlawful because the law under which he was indicted would be unconstitutional thus applied. The constitutional validity of the conviction can be questioned by habeas corpus.

██ But his contention is not correct. He lays much stress on the fact that he was to be paid little, if anything, for his work at the camp, and had a child to support; whereas even prisoners of war are paid substantially when they are put to work. The status of prisoners of war is fixed by international agreements, pursuant to which they may work and are paid. It throws no light on the status of a citizen of the United States under the Constitution. Whether appellant was to be paid much, or little or nothing, is not the question. It is not uncompensated service, but involuntary servitude which is prohibited by the Thirteenth Amendment. Compensation for service may cause consent, but unless it does it is no justification for forced labor.

█ The answer to appellant's complaint lies in the broad principle that the Thirteenth Amendment has no application to a call for service made by one's government according to law to meet a public need, just as a call for money in such a case is taxation and not confiscation of property. Where by law able-bodied male persons between 25 and 45 years were required to labor on the highways of the county for six days each year, failure being punished as a crime, and such a person was convicted and on habeas corpus contended there was violation of the Thirteenth Amendment, it was held that such service, like compulsory service in the army, on juries, and the like, was no violation of the Amendment. Butler v. Perry, Sheriff, 240 U.S. 328, 36 S.Ct. 258, 60 L.Ed. 672. During the First World War convictions for refusing army service were attacked as violations of this Amendment. The contention was overruled without being dignified by being argued. Arver v. United States, 245 U.S. 366, 38 S.Ct. 159, 62 L.Ed. 349, L.R.A.

1918C, 361, Ann.Cas. 1918B, 856. The service required here is "work of national importance", that is to say it is of a public nature. It is in lieu of army service which might have been required of appellant, the substitution being allowed as of grace because of conscientious objection to military service. The present war is described by its authors as "total war," meaning that every means of destruction will be used, and men, women and children alike killed. It means also that total effort may be necessary to resist it, men, women and children all doing what they can. Such a total call has not yet been made by the United States, but is within its power under those parts of the Constitution which authorize Congress to declare war and raise and equip armies. There can be no doubt whatever that Congress has the constitutional power to require appellant, an able-bodied man, to serve in the army, or in lieu of such service to perform other work of national importance. The Thirteenth Amendment abolished slavery and involuntary servitude, except as a punishment for crime, but was never intended to limit the war powers of government or its right to exact by law public service from all to meet the public need.

The judgment discharging the writ is affirmed.