## BROOKS v. UNITED STATES.

### No. 189.

Circuit Court of Appeals, Second Circuit.

Feb. 2, 1945.

Writ of Certiorari Denied April 23, 1945.

See 65 S.Ct. 1027.

Ernest Angell, of New York City (John W. Davis, of New York City, and Arthur Dehon Hill, of Boston, Mass., of counsel), for appellant.

John F. X. McGohey, U. S. Atty., of New City (K. Bertram Friedman, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before CHASE, HUTCHESON, and FRANK, Circuit Judges.

PER CURIAM.

The appellant, a citizen residing within the Southern District of New York, whose age made him subject to classification under the provisions of the Selective Training and Service Act of 1940, duly registered with his local board and, having established his status to be that of a conscientious objector under § 5(g) 50 U.S.C.A. Appendix § 305(g), was classified as IV–E. He was examined as to his mental and physical fitness and, having been found fit, was ordered to report for transportation to Civilian Public Service Camp No. 111 at Mancos, Colo. He then refused to report for that purpose and so notified his local board. Having persisted in such refusal, he was indicted, tried, convicted, and sentenced under § 311 of the Appendix to Title 50 U.S.C.A. and has appealed.

The constitutional questions now raised are not new and have uniformly been decided adversely to the contentions of the appellant in cases like Weightman v. United States, 1 Cir., 142 F.2d 188, and Heflin v. Sanford, 5 Cir., 142 F.2d 798. The federal government in the exercise of its undoubted power to raise and maintain armed forces for the protection of the country could have disregarded the appellant's conscientious scruples against participating in such service and conscripted him for any military service for which he was mentally and physically fit. United States v. Macintosh, 283 U.S. 605, 622, 623, 51 S.Ct. 570, 75 L.Ed. 1302. Having respected his conscientious objection to all such service, even to the extent of granting him exemption from non-combatant duty, Congress could in the exercise of its incidental power do whatever was reasonably necessary and appropriate to raise and maintain armed forces provided that those who were given exemption from such service be required to perform such work of national importance as they were able to perform under reasonable rules and regulations. There are many good reasons which may have led Congress so to provide but it is enough that such action may have been considered needed during a

great national emergency for its effect upon the morale of those who do serve in the armed forces. As was said in United States v. Schwimmer, 279 U.S. 644, 651, 49 S.Ct. 448, 450, 73 L.Ed. 889, "The influence of conscientious objectors against the use of military force in defense of the principles of our government is apt to be more detrimental than their mere refusal to bear arms." See also, Kiyshi Hirabayashi v. United States, 320 U.S. 81, 99, 63 S.Ct. 1375, 87 L.Ed. 1774.

██ That the rules and regulations of the camp to which the appellant has been assigned provide for some curtailment of the individual liberty of those required to live in conformity to them does not make them unlawful. Hirabayashi v. United States, supra. Moreover, it is obvious that there has been no unlawful infringement of any of this appellant's rights because of the mere existence of these rules and regulations since he has not, as yet, been subjected to them.

Judgment affirmed.