**WOLFE v. UNITED STATES.**
No. 9946.

Circuit Court of Appeals, Sixth Circuit.
May 24, 1945.

U. S. A. Heggblom and William R. McCredie, both of Detroit, Mich., for appellant.

Joseph F. Deeb, U. S. Atty., of Grand Rapids, Mich., for the United States.

Before HICKS, HAMILTON, and MARTIN, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment imposing sentence upon appellant upon conviction for a violation of Section 311 of the Appendix to Title 50 U.S.C.A.

The indictment alleges that appellant was assigned to Civilian Public Service Camp No. 42 at Wellston, Michigan, to do work of national importance and was enrolled as a member thereof; that after reporting to the camp and being enrolled, he knowingly, wilfully and feloniously failed and neglected to abide by the rules and regulations prescribed and established by the Director of Selective Service for the conduct of registrants in that he, "without authority," did absent himself from the camp.

Under arraignment appellant stood mute and a plea of not guilty was entered by the court. A jury was waived and the case was tried by the court.

Appellant's primary contention is that the verdict was not supported "by the great and overwhelming weight of evidence." This contention, as made, is pointless. We are not authorized to consider the weight of the evidence. It would be our duty, upon a proper motion to determine whether there was substantial evidence to support the verdict. Without condoning the insufficiency of this assignment of error, we consider that question briefly.

Appellant was a registrant under the Selective Service and Training Act of 1940 as amended, 50 U.S.C.A.Appendix, § 301 et seq., and was placed in classification 4-E, as a conscientious objector to both combatant and non-combatant military service. He was assigned to work of national importance at Camp No. 50, Walhalla, Mich., and on Nov. 17, 1943, he was transferred to Camp No. 42, Wellston, Mich., designated by the Director of Selective Service, as a work project of national importance for conscientious objectors. On March 6, 1944, while absent from the camp on leave, he underwent an operation at the University of Michigan hospital and four days later was discharged therefrom. His own witness, the surgeon who operated upon him, testified that upon his discharge he was physically able to return to the camp. It is not seriously disputed that he was able to return and it was his duty to do so and to remain at the camp, under Sec. 653.12 of the Selective Service regulations.

On March 25, 1944, he was advised by the Director of the camp that if he did not return by March 27, 1944, he would be declared a deserter and on that date the Director ordered him by telegram to return. He lived in Detroit with his family, where he had conducted a tire repair business since about 1933. He had two employees in his shop and he himself worked there during the months of June, July, August, September, October and November, 1944. On July

14, 1944, he made a statement in writing to a special agent of the Federal Bureau of Investigation, which we quote, to wit: "However, now that I am away, I don't intend to go back because I have thought since I have been away, about how wrong the camp is and that I could not attend the camp in good conscience. I would rather go to jail than have to attend one of those camps."

The evidence is sufficient to support the verdict.

We summarize appellant's additional grievances, to wit:

■ First, that the regulations, for a violation of which he was indicted, were not authorized by law.

■ Second, that the Constitution has not authorized Congress to draft appellant to perform work of a non-military nature such as doing tree planting and forestry work which was required of him at Camp Wellston.

■ Third, that Sec. 1 of the Thirteenth Amendment protects appellant from doing compulsory labor without pay.

■ Fourth, that drafting appellant for non-military labor violated the due process clause of the Fifth Amendment.

■ Fifth, that Sec. 10 of the Selective Service Act read in conjunction with Sec. 5 (g) amounts to a delegation of legislative authority to the executive branch in violation of Article I, Sec. 1 of the Constitution.

■ Sixth, that Executive Order Feb. 6, 1941, No. 8675, is based upon ambiguous provisions of the Selective Service Act and is therefore repugnant to the due process clause of the Fifth Amendment.

■ Seventh, that the regulations upon which the indictment was framed, are vague and indefinite and repugnant to the due process clause of the Fifth Amendment.

■ Eighth, that the restrictions placed upon appellant as a conscientious objector by requiring service of him at a civilian public service camp, is class legislation.

■ Ninth, that the work which appellant as a conscientious objector was assigned to do was not work of national importance and was not done under civilian direction as contemplated by Sec. 5(g) of the Selective Service Act.

■ Finally, appellant urges that he as a conscientious objector, classified in 4-E, is not required under the law to do work of national importance under civilian direction Sec. 5(g) for longer than a period of twelve months. This last proposition is irrelevant here, both from the standpoint of law and fact. The Act does not limit the service of a conscientious objector in works of national importance to twelve months and nothing in the record indicates that any effort was made to extend his service beyond that period. He makes no pretense that he served for that period.

All other contentions raised have been decided adversely to appellant, in substance or in effect, in the following cases: Kramer v. United States, 6 Cir., 147 F.2d 756; Weightman v. United States, 1 Cir., 142 F. 2d 188; Brooks v. United States, 2 Cir., 147 F.2d 134; Heflin v. Sanford, 5 Cir., 142 F. 2d 798; United States v. Mroz, 7 Cir., 136 F.2d 221, 226; United States v. Van Den Berg, 7 Cir., 139 F.2d 654; Roodenko v. United States, 10 Cir., 147 F.2d 752. We are in accord with the conclusions reached therein and as was stated by us in Kramer v. United States, supra, it would be needless repetition to rewrite their rationalization. The District Judge gave careful attention to the trial of appellant's case and it received at his hands all the consideration it was entitled to.

Affirmed.