**BELL v. HAYNES, Director, etc.**
**Civil Action No. 5313.**

District Court, N. D. California, N. D.
Dec. 7, 1945.

Plaintiff, in pro. per.

Frank J. Hennessy, U. S. Atty., of San Francisco, Cal., and Emmet J. Seawell, Asst. U. S. Atty., of Sacramento, Cal., for defendant.

WELSH, District Judge.

Petitioner seeks a writ of habeas corpus to effectuate his release from Civilian Public Service Camp No. 148, Minersville, County of Trinity, California. His petition appears to have been drafted by himself without the aid of counsel. It sets forth with commendable frankness and clearness that petitioner is conscientiously opposed to combatant and non-combatant service because of his religious training and belief.

He claims to have been illegally subjected to "alternative" service, and that he was entitled to be placed in Class IV–F.

The Director of said Civilian Public Service Camp No. 148, through the Assistant United States Attorney for this District, has filed a return to an order to show cause heretofore issued herein. Said return summarizes the steps taken by the Selective Service Local Board of Washington County, Hollandale, Mississippi, and other authorities, with reference to petitioner's registration, classification and assignments. Accompanying said return are originals of all proceedings, affidavits, and

other papers concerning said petitioner's case.

▪ This Court is convinced, from examination of the files, records, exhibits and all documents herein, that the proceedings taken by the Selective Service Board and other authorities acting under and pursuant to the provisions of law governing such matters are regular and in no sense arbitrary.

▪ As was pointed out in previous decisions of this Court, such as United States ex rel. Manuel Louis Alves v. Colonel Geesen, etc., et al., D.C., 59 F.Supp. 726, and United States ex rel. Joe Faria v. Colonel Geesen, etc., et al., D.C., 60 F. Supp. 1, the Judicial branch of our Government is not justified in interfering with the actions of the Executive branch in matters of such grave importance as the administration of the National Selective Training and Service Act of 1940, and amendments thereto, 50 U.S.C.A.Appendix § 301 et seq., except in instances of patent disregard of Constitutional rights.

The record herein discloses that petitioner is a member of a sect known as "Jehovah's Witnesses." Decisions of the Courts have been uniformly against contentions raised by other members of said organization since the enactment of the Selective Training and Service Act of 1940. In United States v. Madole, 2 Cir., 145 F.2d 466, 467, the Court said:

"Those whose consciences forbid them even to avail themselves of the prescribed procedure for establishing their immunity, must suffer the consequences; scruple, however tender we may be towards it, must have a limit, when it stands in the path of a vital national purpose."

In Brooks v. United States, 2 Cir., 147 F.2d 134, the following pertinent language was used:

"The federal government in the exercise of its undoubted power to raise and maintain armed forces for the protection of the country could have disregarded the appellant's conscientious scruples against participating in such service and conscripted him for any military service for which he was mentally and physically fit. * * * Having respected his conscientious objection to all such service, even to the extent of granting him exemption from non-combatant duty, Congress could in the exercise of its incidental power do whatever was reasonably necessary and appropriate to raise and maintain armed forces provided that those who were given exemption from such service be required to perform such work of national importance as they were able to perform under reasonable rules and regulations."

▪▪ Petitioner herein makes the contention that he has been denied due process of law and equal protection of the law by the operation of administrative procedures. One phase of this is answered in the opinion in Brooks v. United States, supra:

"That the rules and regulations of the camp to which the appellant has been assigned provide for some curtailment of the individual liberty of those required to live in conformity to them does not make them unlawful."

▪▪ The following sentences in Roodenko v. United States, 10 Cir., 147 F.2d 752, 754, are applicable here:

"It is not correct to say that appellant and those who believe as he does are exempt from the operation of the Act. They are subject to draft the same as one who has no scruples against serving his country in the armed forces, the only difference being that under the provisions of the Act they are excused from military service. The Act specifically provides that they may be drafted or 'called up,' if one prefers that term, to serve their country in work considered of national importance under civilian direction. * * * The proper maintenance of agriculture, civilian business, transportation, sanitation, health, and many other civilian activities are as essential to the successful prosecution of the war and as much a part of the war effort as the production of munitions of war and the arming and equipping of the military forces. The Act places the determination of what projects are of national importance with the President. Roodenko has no standing to challenge the exercise of this discretion by the President."

Petitioner's other alleged grounds for release are included in those listed as grievances in Wolfe v. United States, 6 Cir., 149 F.2d 391. Cases decided adversely to such claimed grievances are cited in said opinion.

▪ No valid grounds for judicial interference with administrative action having been shown herein, it is ordered that the order to show cause be discharged and the petition for writ of habeas corpus denied.