## DINGMAN v. UNITED STATES.

### No. 11186.

Circuit Court of Appeals, Ninth Circuit.

June 4, 1946.

Writ of Certiorari Denied Oct. 14, 1946.

See 67 S.Ct. 86.

Clarence E. Rust, of Oakland, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., of San Francisco, Cal., and Emmet J. Seawell and Harlan M. Thompson, Asst. U. S. Attys., both of Sacramento, Cal., for appellee.

Before GARRECHT, MATHEWS and ORR, Circuit Judges.

ORR, Circuit Judge.

His Selective Service Board, having allowed appellant's claim that he is a conscientious objector, gave him a draft status of IV-E. He was thereafter directed to report to a camp set up under the selective service regulations where he was to perform work of national importance under civilian direction. Appellant reported at the camp to which he was assigned and remained there until on or about the 22nd day of July, 1945. He then left said camp without permission and refused to return.

In August, 1945, appellant was indicted for a violation of the provisions of the Selective Training Service Act of 1940, as amended, 50 U.S.C.A.Appendix, § 301 et seq., the charging part of said indictment reading as follows:

"That Daniel Bermeli Dingman * * * in violation of the provisions of the selective training and service act of 1940, as amended, hereinafter called the Act, did knowingly, wilfully and feloniously absent himself without authority from Civilian Public Service Camp No. 148, the said defendant being then and there a male person residing in the United States and between the ages of 18 and 45 at the time fixed for his registration pursuant to said Act and under the duty to present himself for and submit to registration under the provisions of said Act, and thereafter to comply with the rules and regulations of said Act, and who, prior to the date hereinabove set forth was classified by local Selective Service Board No. 120, City of Palmer, State of Massachusetts, in class IV-E, as defined by said Act and the regulations thereunder, and by the Director of Selective Service assigned to said camp for work of national importance under civilian direction, and by said local Selective Service Board ordered to report for work of national importance, said local Selective Service Board having, prior to said date hereinabove set forth, been duly created and existing in conformity with the provisions of said Act as a Selective Service Board having jurisdiction within the City of Palmer, State of Massachusetts (50 U.S.C.A.Appendix, § 311)."

Appellant was tried before a jury and found guilty as charged in the indictment.

Appellant demurred to the indictment and after conviction moved for an arrest of judgment. The demurrer was overruled and the motion denied.

The contention presented to the court by the demurrer and motion was that the indictment failed to state facts sufficient to constitute a crime against the United States.

Appellant urges, 1, that there is nothing in the Selective Training and Service Act of 1940, as amended,[1] or in any other law, which creates or impliedly authorizes camps of any kind for conscientious objectors, and that therefore the creation of these camps is simply a gratuitous assumption of power by the Director of Selective Service; and that, 2, in any event, since appellant has served more than one year in the camp, he is free to leave since Congress never extended the term of service for conscientious objectors beyond one year.

There is no merit in either contention. As to the first, it has been settled by repeated decisions both in this and other circuits that, since no constitutional exemption from armed service exists for conscientious objectors,[2] Congress clearly has

[1] 50 U.S.C.A. Appendix, § 301 et seq.

[2] Selective Draft Act Cases, 245 U.S. 366, 38 S.Ct. 159, 62 L.Ed. 349, L.R.A. 1918C, 361, Ann.Cas.1918B, 856; MacIntosh v. United States, 283 U.S. 605, 51 S. Ct. 570, 75 L.Ed. 1302.

the power to exact unarmed service from them in public service camps under civilian direction. Further, the delegation of this power by Congress to the President and by him to the Director of Selective Service is a constitutional delegation of legislative power.[3]

■ As was said in the Roodenko case [147 F.2d 754],[4] "The contention that the Act does not authorize the President to set up civilian public service camps for conscientious objectors is without merit." Section 5(g) of the Act[5] provides that conscientious objectors shall be assigned to work of national importance under civilian direction and section 10(a) (1)[6] authorizes the President to make all necessary rules and regulations to carry out the Act. The cases previously cited[7] uniformly hold that the system of national public service camps set up in the Selective Service Regulations under the Act is immune from attack on constitutional grounds.

In support of the second contention it is argued that the Act provides for one year's training and service and that subsequent acts extending this period to the duration of the war and six months thereafter,[8] apply only to members of the Army, Navy, Marine Corps and Coast Guard.

■ Selective Service Regulation 652.-14, in force prior to and at the time of appellant's desertion from his camp, reads: "652.14. Period of Service. A registrant in Class IV-E who has been assigned to a camp shall be engaged in work of national importance under civilian direction during the existence of any war in which the United States is engaged and during the six months immediately following the termination of any such war, unless sooner released by the Director of Selective Service."

This regulation is a proper exercise of properly delegated authority.[9]

The same contention made here was advanced in Wolfe v. United States, 6 Cir., 149 F.2d 391, 393. The Sixth Circuit Court of Appeals, in rejecting the contention and affirming the conviction, stated: "The Act does not limit the service of a conscientious objector in works of national importance to twelve months * * *."

■ Time of service for a conscientious objector is not limited to one year. It is for the duration of the war and six months thereafter unless sooner released by the Director of Selective Service.

■ During the oral argument appellant contended that the indictment was also faulty in that, 1, it failed to allege that the Public Service Camp which appellant deserted was a duly organized camp, set up under the Selective Service Act, and, 2, that the indictment failed to state when appellant was assigned to the camp. No such allegations were necessary to properly charge the offense. If appellant considered the information of importance in order to permit him to properly defend he should have moved for a bill of particulars.[10]

The judgment is affirmed.

---

[3] Hopper v. United States, 9 Cir., 142 F.2d 181, 186; Lowrance v. United States, 9 Cir., 142 F.2d 192; Weightman v. United States, 1 Cir., 142 F.2d 188; Brooks v. United States, 2 Cir., 147 F.2d 134, certiorari denied 324 U.S. 878, 89 L.Ed. 1430, 65 S.Ct. 1027; Kramer v. United States, 6 Cir., 147 F.2d 756, certiorari denied 324 U.S. 878, 65 S.Ct. 1026, 89 L.Ed. 1429; Roodenko v. United States, 10 Cir., 147 F.2d 752, certiorari denied 324 U.S. 860, 65 S.Ct. 867, 89 L.Ed. 1418; Wolfe v. United States, 6 Cir., 149 F.2d 391.

[4] See Note 3.

[5] 50 U.S.C.A.Appendix, § 305(g).

[6] 50 U.S.C.A.Appendix, § 310(a) (1).

[7] See Note 3.

[8] The Service Extension Act of 1941, Public Law 213, 77th Congress, approved August 18, 1941, 50 U.S.C.A.Appendix, §§ 303, 351 et seq.; Public Law 338, 77th Congress, approved December 13, 1941, 50 U.S.C.A.Appendix, §§ 731–733; and Public Law 360, 77th Congress, approved December 20, 1941, 50 U.S.C.A.Appendix, § 302 et seq.

[9] See Note 3.

[10] See Hopper v. United States, 9 Cir., 142 F.2d 181, 185; United States v. Polakoff, 2 Cir., 112 F.2d 888, 890.