**TARO v. GOVERNMENT OF GUAM.**
**No. 2.**

District Court of Guam
Appellate Division.
Sept. 21, 1953.

Crain & Phelan, Agana, Guam, for appellant.

Leon D. Flores, Deputy Island Atty., Agana, Guam, for appellee.

Before SHRIVER, Presiding Judge, and McLAUGHLIN and WIIG, Judges.

McLAUGHLIN, Judge.

This is an appeal from a judgment of the Island Court of Guam in a criminal case.

The appellant takes this appeal from conviction of the offense of assault and battery, and from the order of the Court imposing a fine of $50. The grounds upon which the appeal is based are that the judgment was contrary to the weight of the evidence, and that the judgment was not supported by credible evidence.

Where the only issue on appeal is the weight and credibility of the evi-

dence, the general rule is that the appellate court will not go further than to examine the record to determine whether there is any substantial evidence to support the conviction. Usually it will not go further, even though the evidence is considered weak, or although the judges on appeal might have, themselves, arrived at a different conclusion. 24 C. J.S., Criminal Law, § 1880, page 799 et seq. This is also the general import of section 64 of Title I, Part I of the Penal Code of Guam, added by Public Law 17 of the First Guam Legislature in 1951. Therein it is provided that the District Court, on appeal, may take certain authorized actions as to the judgment, but that it may not take new or additional evidence, consider issues of fact de novo, or set aside findings of fact made by the Island Court unless they are clearly erroneous; due regard shall be given to the opportunity of the trial judge or judges to judge of the credibility of the witnesses.

This general rule is widely applied in the United States appellate courts, and is announced in the following cases which form only a small part of the judicial opinion on this subject. Bridgman v. United States, 9 Cir., 1950, 183 F.2d 750; Noel v. United States, 9 Cir., 1950, 183 F.2d 334, certiorari denied 340 U.S. 921, 71 S.Ct. 352, 95 L.Ed. 665; Madsen v. United States, 10 Cir., 1947, 165 F.2d 507; Wolfe v. United States, 6 Cir., 1945, 149 F.2d 391; Wilder v. United States, 10 Cir., 1938, 100 F.2d 177.

We have perused the transcript of the evidence in this case carefully, and find that there is substantial evidence to support the verdict and order of the court. While it is true that there are some conflicts in that evidence, in adhering to the principles discussed above, the resolution of those conflicts and determination of which of the conflicting evidence is to be believed is left to the trial court.

The judgment is therefore affirmed.