**UNITED STATES v. NILES.**

No. 33878.

United States District Court
N. D. California, S. D.

June 8, 1954.

Donald Constine, Asst. U. S. Atty., San Francisco, Cal., for plaintiff.

John H. Brill, San Francisco, Cal., for defendant.

ROCHE, District Judge.

On January 8, 1952, defendant was classified 1–0 (conscientious objector opposed to both combatant and noncombatant training and service) by his local board.

On February 13, 1953, defendant was sent a selective service form setting forth various civilian jobs he could accept in lieu of induction into the armed forces. The three positions offered were as follows: (1) institutional helper of the County of Los Angeles, Department of Charities, (2) psychiatric technician helper at Camarillo or Mendocino State Hospitals, (3) building maintenance man, salesman, truck driver, etc. for the Goodwill Industries in several California cities. This form was returned to the local board by the defendant with a statement that he did not wish to perform the types of work offered to him.

Acting under and pursuant to the provisions of Sec. 1660.1 of the Selective Service Regulations, and Section 456(j) of the Universal Military Training and Service Act, 50 U.S.C.A. Appendix, § 456 (j), 65 Stat. 83, approved June 19, 1951, the local board ordered the defendant to report for employment, more particularly set forth in the order as follows:

"Having been found to be acceptable for civilian work contributing to the maintenance of the national health, safety or interest, you have been assigned to institutional work located at Dept. of Charities, 110 North Mission Rd., Los Angeles County, Los Angeles, 33, California."

Defendant failed to obey this order, and on January 20, 1954, was indicted for knowingly failing to obey its directions.

The defendant's first contention is that the work assigned to him by the local board, as well as the Selective Service Regulations, are in conflict with the intent of congress as expressed in the Military Training and Service Act, which provides that objectors shall be assigned "such civilian work contributing to the maintenance of the national health, safety, or interest as the local board may deem appropriate * * *." 50 U.S.C.A. Appendix, § 456(j).

A health program conducted by any political subdivision of this nation contributes to the general welfare of the nation as a whole. The mere fact that such activities are carried out in the name of a political subdivision of the state or county rather than in the name of the United States itself, does not diminish the importance of the work, or cause it to lose its contributory relationship to the national health.

Defendant next contends that the Military Training and Service Act, as construed and applied by the Regulations and the local board's order, calls for a private nonfederal labor draft for the performance of services that are not exceptional or related to the national defense in violation of the 13th Amendment of the United States Constitution; and further that the Act deprives the defendant of due process of law contrary to the 5th Amendment.

The constitutionality of the Selective Service Law has been attacked on many occasions. In every case the constitutionality of the law has been upheld.

United States v. Henderson, 7 Cir., 180 F.2d 711; Richter v. United States, 9 Cir., 181 F.2d 591.

It is well settled that congress has the right to require service of an objector in work of national importance without violating the 13th Amendment. Heflin v. Sanford, 5 Cir., 142 F.2d 798, 799.

Whether or not the requirement that work of national importance be done with an agency other than an agency of the United States government is violative of this constitutional provision is a question which has been raised but once before. U. S. of America v. Wylie, No. 11060, D.C.N.D.Cal. May 3, 1954. The court in that case ruled that it is not violative of the 13th Amendment. I am in accord with this holding. The 13th Amendment abolished slavery and involuntary servitude, except as a punishment for crime, but was never intended to limit the war powers of government, or its right to exact by law public service from all to meet the public need. Heflin v. Sanford, supra.

Defendant contends that the Act as construed by the Regulations and order of the local board deprives him of due process of law because the means selected do not have a real and substantial relation to the object sought to be obtained. The object of the Act and the Regulations is to exact public service from all to meet the public need. Defendant has refused to serve in one capacity, and has been offered as an alternative the privilege of serving in another capacity, one which it is felt will serve the country's need. Certainly national defense and preparedness is accomplished by more than the strength of arms alone. In the position offered to defendant is an opportunity to contribute to the national welfare.

As its last contention defendant maintains that the Act as construed by the Regulations and order is unconstitutional in that it is an unlawful delegation of legislative and presidential

authority. Defendant states that it is possible under the order of the local board that he will be assigned to work which may have no relation to health, safety, or interest of a national scope. In view of the fact that this court has construed employment in a state charitable institution as work contributing to the maintenance of the national health, safety, or interest, any work done by defendant for such institution within the scope of its operation, is proper and in accordance with the standard set forth by congress.

In accordance with the above

It is ordered that the motion of defendant for acquittal be and the same is hereby denied.