**Nick Allen KLUBNIKIN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 14628.**

United States Court of Appeals
Ninth Circuit.

Nov. 4, 1955.

Writ of Certiorari Denied
Feb. 27, 1956.

See 76 S.Ct. 453.

**88**

A. L. Wirin, Hugh R. Manes, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Hiram W. Kwan, Louis Lee Abbott, Richard L. Sullivan, U. S. Attys. Assts., Los Angeles, Cal., for appellee.

Before DENMAN, Chief Judge, and BONE and ORR, Circuit Judges.

ORR, Circuit Judge.

Appellant is a member of a sect called Molokan Spiritual Jumpers. This sect teaches opposition to war and military service. By reason of his membership and the teachings received from the Molokan Spiritual Jumpers appellant asserted, before his local draft board, that he was a conscientious objector and entitled to be so classified under the Universal Military Training and Service Act.[1] In February 1951 he was classified 1-A; he appealed administratively. His 1-A classification was modified by the Appeals Board and he was reclassified 1-A-O. Under this classification he was ordered to report for duty but refused. He was indicted and tried for such failure to report. On a trial before the Court, sitting without a jury, he was acquitted. The Court found his 1-A-O classification to be improper. After his acquittal his local draft board reclassified him 1-O, being the classification he had asked for originally. On April 14, 1954 appellant wrote to his local draft board informing it that he had married, that he expected to become a father in the near future and that he was presently supporting his widowed mother. He requested a reclassification of III-A, "registrant deferred by reason of extreme hardship and privation to dependents." 32 C.F.R., § 1622.30(b). The local board informed appellant that it had examined the information contained in his letter and that in its opinion the requested reclassification was not warranted.

The board, pursuant to authority granted it over registrants classified 1-O, did on June 7, 1954 order appellant to report to the Los Angeles County De-

---

1. 62 Stat. 604, as amended, 65 Stat. 75, 50 U.S.C.A.Appendix, §§ 451–471.

partment of Charities to perform civilian work. Upon receipt of said work order appellant addressed a second letter to the board in which he stated that he was "appealing to the board" for a cancellation of the civilian work order. The board again refused to reopen his case and refused to reclassify him III–A.

Appellant declined to report for work. He was indicted for such failure and was again tried before the Court without a jury.

■ Appellant refused the assistance of counsel notwithstanding the Court painstakingly and patiently pointed out to him the advantage that would result from having counsel represent him. The refusal of appellant to accept court appointed counsel resulted in his failure to present to the trial court many of the defenses he now relies on. His sole defense in the trial court was that his religious beliefs were such as to prevent him from obeying any order emanating from an agency in any manner connected with the military arm of the Government. Such a contention could not be sustained under existing law and the trial court, under the circumstances presented, could do no other than find him guilty. After considerable persuasion by the trial court, appellant did employ counsel to represent him on appeal.

Appellant asserts that the civilian work order, for disobedience of which he was convicted, was invalid in that there was no basis in fact for the board's refusal to reopen his case and reclassify him in accordance with his request. See Dickinson v. United States, 1953, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132; Brown v. United States, 9 Cir., 1954, 216 F.2d 258. Sec. 1625.2 of the Selective Service Regulations, 32 C.F.R. 1625.2, provides that "the local board may reopen and consider anew the classification of a registrant (1) upon the written request of the registrant * * * if such request is accompanied by written information presenting facts not considered when the registrant was classified, which, if true, would justify a change in

the registrant's classification." Sec. 1622.30(b) prescribes the requirements for eligibility for a III–A classification as follows:

"(b) In class III–A shall be placed any registrant whose induction into the armed forces would result in extreme hardship and privation (1) to his wife, divorced wife, child, parent, grandparent, brother or sister who is dependent upon him for support, * * *." See also, 32 C.F.R. 1625.4.

■ The burden was on appellant to establish, by information presented to his draft board, a prima facie showing of his eligibility for a III–A classification. De Moss v. United States, 8 Cir., 1954, 218 F.2d 119; United States v. Bartelt, 7 Cir., 1952, 200 F.2d 385. In this we think he failed. Sec. 1622.30(b), supra, applies only to persons "whose induction into the armed forces would result in extreme hardship and privation * * *." The section implements 50 U.S.C.A.App. § 456(h), 1951, in which the President is authorized to defer certain persons "from training and service in the armed forces or from training in the National Security Training Corps." Sec. 1622.30(b) expressly provides that the hardship deferment is a deferment from *military service*. The deferment of conscientious objectors, subject to terms and conditions prescribed, is elsewhere provided, 50 U.S.C.A.App. § 456 (j) 1951. Klubnikin was a recognized conscientious objector with a 1–O classification, and as long as he remained so classified, could not be inducted into the armed forces. If he could not be inducted into the armed forces then a claim for a classification because of hardship which would result solely from such induction was without merit.

■ There is an additional factual basis upon which the board would be justified in refusing appellant a III–A classification. In examining the record it could well conclude that no extreme hardship to appellant's dependents would result from his remaining in a 1–O classification. The work which the local draft

board directed him to perform carried with it a salary of $181.50 per month for a forty-hour week.[2] The record discloses that appellant was employed as a meat weigher at the time the order to report for civilian labor was made. It may reasonably be assumed that the wage spread between that of a meat weigher and the sum of $181.50 per month was not such as would in any event inflict *"extreme hardship and privation"* upon appellant's dependents.

Subsection (a) of § 1622.30, supra, authorizes classification in category III-A of any registrant who, *prior to August 25, 1953,* had submitted to his respective local draft board satisfactory evidence that he had a child or children with whom he maintained a bona fide family relationship in his home. Registrants under subsection (a) were not required to establish that dependents of theirs would be subjected to extreme hardship and privation in the event of their induction into the armed services. Appellant claims that the eligibility criteria imposed by § 1622.30 is arbitrary and that somehow this has resulted in the denial to him of due process of law. Under the regulation all registrants prior to August 25, 1953 were treated alike. As to registrants subsequent to that date, the President saw fit to change the requirements for III-A classification. This, no doubt, was done to provide a more equitable standard of selection of registrants for service in the armed forces and was a proper exercise of the discretion delegated to the President by Congress. In this respect all registrants after 1953 were treated the same. It seems idle to argue that regulations cannot be modified to meet changing conditions.

A further contention appellant advances is his claim that the order directed to him by his local draft board requiring him to report for work for the Los Angeles County Department of Char- ities violated the Vth and XIIIth Amendments to the Constitution in that it directed appellant to perform work for an organization not a part of the federal Government. His contentions in this regard have been adversely determined by this court in Niles v. United States, 9 Cir., 1955, 220 F.2d 278, affirming a District Court opinion, 122 F.Supp. 382.

Appellant contends that his local board had no power to direct him to undertake specified work without a showing by the board that appellant's then occupation did not contribute to the national health, safety or interest. Sec. 456(j) authorizes local draft boards to select appropriate work to be performed in lieu of military service. We see no merit in this contention.

Appellant argues that the Selective Service Regulations provide no administrative appeal from a decision of a local draft board's refusing to reopen a case upon request of a registrant for reclassification and, hence, is a denial of due process.[3] The machinery established by the Selective Service Regulations is and of necessity must be geared to the prodigious task of processing millions of registrants.[4] The regulations grant an administrative appeal whenever there has been a reclassification of a registrant by his local draft board. See 32 C.F.R. § 1625.13. Moreover, whenever the local draft board initially determines that sufficient facts have been alleged by the registrant to warrant the reopening of his classification its final decision on whether or not a new classification shall be awarded is appealable. See 32 C.F.R. § 1625.11. It is only where the local board determines that the registrant has failed to set forth sufficient facts to warrant reconsideration that no administrative review is afforded. See 32 C.F.R. § 1625.4. Provision for review on refusal to reclassify would invite successive frivolous appeals designed to delay induction and frustrate the purposes

---

2. Higher paying jobs were offered to appellant but he indicated no interest.

3. See 32 C.F.R. § 1625.

4. See United States v. Palmer, 3 Cir., 1955, 223 F.2d 893, 895.

of the Act.[5]  The regulations provide for fair and adequate procedure.

Judgment affirmed.

---

5. See United States ex rel. La Charity v. Commanding Officer, 2 Cir., 1944, 142 F.2d 381, 382.