Vincent Joseph O'CONNOR, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 23943.

United States Court of Appeals
Ninth Circuit.

Aug. 26, 1969.

Rehearing Denied Sept. 18, 1969.

Peter Franck (argued), of Franck & Hill, Berkeley, Cal., for appellant.

John G. Milano (argued), Asst. U. S. Atty., Cecil F. Poole, U. S. Atty., Paul G. Sloan, Asst. U. S. Atty., Jerrold M. Ladar, Asst. U. S. Atty., Chief, Crim. Div., San Francisco, Cal., for appellee.

Andrew H. D'Anneo, San Francisco, Cal., for amicus curiae The Association of Priests of the Archdiocese.

Before ELY and CARTER, Circuit Judges, and SMITH,* District Judge.

PER CURIAM:

Appellant was convicted by a jury of wilful failure to report for and perform alternative civilian service in violation of 50 U.S.C. Appendix § 462; and was sentenced to three years imprisonment. We affirm.

Appellant was classified 1–O by his local board. On January 10, 1966 he was ordered to report to his local board to be given instructions to proceed to the Los Angeles Department of Charities and to remain in such employment for twenty-

* Hon. Russell E. Smith, Chief Judge, United States District Court, District of Montana, sitting by designation.

four months. He failed and refused to comply, and an indictment followed.

Appellant contends on appeal, (1) that the alternate service provisions of the Selective Service law requiring civilian work are unconstitutional; (2) that the trial court should have permitted him to introduce opinion testimony as to the relationship between the alternate service program and morale and discipline in the armed forces; and (3) that he should have been permitted to offer evidence that the Selective Service System program as to deferments is improperly administered.

■ An unbroken line of cases have held the law constitutional. It does not violate the constitutional provisions against involuntary servitude. Selective Draft Law Cases, Arver v. United States et al. (1918) 245 U.S. 366, 38 S.Ct. 159, 62 L.Ed. 349; Jones v. Perkins, (1918) 245 U.S. 390, 38 S.Ct. 166, 62 L.Ed. 358; Heflin v. Sanford, (5 Cir. 1944) 142 F.2d 798; Wolfe v. United States, (6 Cir. 1945) 149 F.2d 391; Atherton v. United States, (9 Cir. 1949) 176 F.2d 835, cert. denied 338 U.S. 938, 70 S.Ct. 338, 94 L.Ed. 578 (1950).

It does not provide for an invalid delegation of powers with respect to conscientious objectors. Wolfe v. United States, supra; Dingman v. United States, (9 Cir. 1946) 156 F.2d 148, cert. denied 329 U.S. 730, 67 S.Ct. 86, 91 L.Ed. 630 (1946); Atherton v. United States, supra. It does not deny freedom of religion, Rase v. United States, (6 Cir. 1942) 129 F.2d 204; Atherton v. United States, supra; United States v. Henderson, (7 Cir. 1950) 180 F.2d 711, cert. denied 339 U.S. 963, 70 S.Ct. 997, 94 L.Ed. 1372 (1950). Cannon v. United States, (9 Cir. 1950) 181 F.2d 354, cert. denied 340 U.S. 892, 71 S.Ct. 199, 95 L.Ed. 647 (1950); George v. United States, (9 Cir. 1952) 196 F.2d 445, cert. denied 344 U.S. 843, 73 S.Ct. 58, 97 L.Ed. 656 (1952). It does not deny freedom of speech, Wills v. United States, (9 Cir. 1967) 384 F.2d 943, cert. denied 392 U.S. 908, 88 S.Ct. 2052, 20 L.Ed.2d 1366 (1968). United States v. O'Brien, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672, (1968), rehr. denied 393 U.S. 900, 89 S.Ct. 63, 21 L.Ed.2d 188 (1968). It does not deny due process of law. Rase v. United States, supra; Atherton v. United States, supra.

■ An assignment to civilian work does not violate the Thirteenth Amendment, Howze v. United States, (9 Cir. 1959) 272 F.2d 146; United States v. Holmes, (7 Cir. 1967) 387 F.2d 781, cert. denied 391 U.S. 936, 88 S.Ct. 1835, 20 L.Ed.2d 856 (1968); Badger v. United States, (9 Cir. 1963) 322 F.2d 902, cert. denied 376 U.S. 914, 84 S.Ct. 669, 11 L.Ed.2d 610 (1964), rehr. denied 376 U.S. 973, 84 S.Ct. 1134, 12 L.Ed.2d 88 (1964).

■ Appellant's attempt to offer opinion evidence as to the effect of alternate service on the morale of the armed forces was properly rejected. Congress is the judge of the conditions and need for a Selective Service law. Gara v. United States, (6 Cir. 1949) 178 F.2d 38, affirmed 340 U.S. 857, 71 S.Ct. 87, 95 L.Ed. 628 (1950); Bertelson v. Cooney, (5 Cir. 1954) 213 F.2d 275, cert. denied 348 U.S. 856, 75 S.Ct. 81, 99 L.Ed. 674 (1954).

Appellant's contention that work in a charitable hospital is not work in the national health, safety or interest has been rejected. United States v. Niles, (N.D.Calif.1954) 122 F.Supp. 382, affirmed (9 Cir. 1955) 220 F.2d 278, cert. denied 349 U.S. 939, 75 S.Ct. 784, 99 L.Ed. 1267 (1955). Klubnikin v. United States, (9 Cir. 1955) 227 F.2d 87, cert. denied 350 U.S. 975, 76 S.Ct. 453, 100 L.Ed. 846 (1956); Howze v. United States, supra; Yaich v. United States, (9 Cir. 1960) 283 F.2d 613; Badger v. United States, supra.

■ The district court quashed a subpoena for General Hershey. Appellant proposed to show by him that the Selective Service system was improperly administered. Appellant categorically refused to perform any type of civilian work and he is in no position to question *any* regulation or policy relating to civil-

ian work, and particularly the dislocation policy (civilian service at a distance from home), of which he specifically complains. Yaich v. United States, supra.

The appellant has improperly inserted Appendix I and II to his brief. They are not matters which were in the record below, and have no place in his brief or appendix. They are ordered stricken.

The judgment is affirmed.