**UNITED STATES of America, Plaintiff-Appellee,**

v.

**David Allen DROGE, Defendant-Appellant.**

**No. 72–1219.**

United States Court of Appeals, Ninth Circuit.

July 31, 1972.

completed Form SSS 150 requesting classification as a conscientious objector (I–O). On August 24, 1970, the local board reopened his classification, but denied the I–O classification on the ground that he was not sincere, and classified him I–A. Droge requested a personal appearance. He appeared on October 23, 1970. The board again denied his claim, this time on the ground that the claim was based upon "essentially political and philosophical opposition to the Viet Nam War" rather than "Conscientious objection to war in any form." The "Executive Secretary" of the Board prepared, signed, and placed in Droge's file a one and one-half page summary of what was said and done at this appearance. Assuming that it is accurate, it supports the board's determination. Droge, however, never knew of the existence of this summary. He appealed, and on January 7, 1971, the appeal board, without stating the reasons for its decision, upheld the local board's denial of Droge's claim and classified him I–A. He was ordered to report for induction, reported, but refused induction.

Droge, on his SSS 150 form, signed the printed statement that, by reason of his religious training and belief, he was conscientiously opposed to participation in war in any form and to participation in noncombatant training and service in the Armed Forces. In support of this statement, he described his Catholic background. He said that, although as a young adult he "fell away from any formal association with the church, some of the ideas and beliefs of the church . . . stayed with [him]." His conscientious objection to participation in war developed after his registration with the Selective Service system, but when it did develop, he concluded that he could not participate in war because of his belief that there was "something in [him] and in all men higher than natural drives, higher, even, than reason," and that no obligation was more important than his allegiance to this "soul."

Richard L. Romano (argued), San Francisco, Cal., for defendant-appellant.

Fredric F. Tilton (argued), John Cooney, Asst. U. S. Attys., James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before DUNIWAY and CARTER, Circuit Judges, and WILLIAMS,* District Judge.

DUNIWAY, Circuit Judge:

Droge appeals from his conviction of refusing to submit to induction into the Armed Forces in violation of 50 U.S.C. App. § 462(a).

Droge was classified I–A on January 13, 1970. On April 27, 1970, he filed a

---

* Honorable David W. Williams, United States District Judge, Central District of California, sitting by designation.

He also stated that "I can not participate in war because i [sic] believe that there is something in me and in all men higher than natural drives. . . ." His statement clearly establishes the link between his opposition to participation in war and his religious beliefs. United States v. Seeger, 1968, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733; Welsh v. United States, 1970, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed. 308.

There is nothing in his form SSS 150 that casts doubt on his sincerity, and we note that in its final action the local board did not find him insincere.

The appeal board gave no reason for its decision. But it did have before it the Executive Secretary's statement of what happened at Droge's personal appearance. That statement does support the local board's finding that Droge was opposed to the Vietnam war rather than to all wars. Perhaps the appeal board's decision rests on that ground.

The difficulty is that under the Selective Service Regulations the Executive Secretary's statement should not have been in Droge's file.

32 C.F.R. § 1626.13(b) provides:

"If any information considered by the local board does not appear in the written information in the file, *other than information presented orally by the registrant or in his behalf at a personal appearance under the provisions of § 1624.2 of this chapter,* the local board shall prepare and place in the file a written summary of such information." (Emphasis added.)

Section 1624.2(b), 32 C.F.R. states:

"At any [personal appearance], the registrant . . . may present such further information as he believes will assist the local board in determining his proper classification.

Such information shall be in writing, or, if oral, shall be summarized in writing *by the registrant* and . . . placed in the registrant's file."

■ These provisions require that any summary of a registrant's personal appearance before the local board that is placed in the registrant's file must be the registrant's summary, not that of the local board. United States v. Fisher, 7 Cir., 1971, 442 F.2d 109, 115–117; *see generally* Simmons v. United States, 1955, 348 U.S. 397, 75 S.Ct. 397, 99 L. Ed. 453; Gonzales v. United States, 1955, 348 U.S. 407, 75 S.Ct. 409, 99 L. Ed. 467; United States v. Nugent, 1953, 346 U.S. 1, 73 S.Ct. 991, 97 L.Ed. 1417.

■ Here it is undisputed that the summary was prepared by the Executive Secretary of the local board, and was never seen, much less approved or adopted, by Droge. There is no doubt that the summary is highly prejudicial to his case. It strongly intimates that he is opposed only to the Vietnam war rather than to "war in any form." Such a belief would not entitle him to a I–O classification. Gillette v. United States, 1970, 401 U.S. 437, 91 S.Ct. 828, 28 L. Ed.2d 168. It was on this basis that the local board denied Droge's claim following his personal appearance. The appeal board may have reached a similar conclusion on the strength of the local board's summary which should not have been in appellant's appeal file.[1] A decision based upon this information violates the Supreme Court's requirements of "procedural regularity" and "fair play," and vitiates Droge's right to an effective appeal. Gonzales v. United States, supra, 348 U.S. at 412–414, 75 S.Ct. 409.

Reversed.

1. We do not hold that, having complied with the regulation and placed a registrant's summary in his file, a local board would be powerless to protect itself against fraud or inaccuracy or omissions in the summary. That question is not presented here. We see no reason why, in such a case, the board could not insert a statement pointing out inaccuracies or omissions. But even in such a case, the cited authorities would require that the registrant be given a copy and a chance to respond.