UNITED STATES of America, Plaintiff-Appellee,

v.

Raymond Orson WRIGHT, Defendant-Appellant.

No. 72–1214.

United States Court of Appeals, Ninth Circuit.

Feb. 14, 1973.

Rehearing Denied March 30, 1973.

---

20. See n. 7 *supra.*

Raymond Orson Wright, in pro. per.

David Fox, Asst. U. S. Atty. (argued), Leslie J. Osborne, Jr., Eric A. Nobles, Asst. U. S. Attys., William D. Keller, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before WRIGHT and WALLACE, Circuit Judges, and EAST,* District Judge.

EAST, District Judge:

On May 27, 1970, the appellant, Raymond Orson Wright (Wright), was indicted for failure to report to the local Los Angeles board per order for civilian employment, in violation of 50 U.S.C. App. Sec. 462.

Prior to trial, Wright filed a motion to proceed in propria persona and his then second retained counsel asked to be relieved as counsel. The trial Court granted the motion, in part, but ordered counsel to continue as advisor and to assist Wright.

At trial the government's only evidence was Wright's Selective Service File (SSF) with the board. Wright participated in the trial, testified on his own behalf and made argument to the Court and jury, with assistance from counsel.

Wright moved for an acquittal, urging that various procedural errors by the local and appeal boards constituted a denial of due process and further prejudiced him in his administrative appeal. The Court denied the motion, but permitted Wright to present to the jury his position as an issue of fact: whether his failure to appear per order for civilian employment was knowingly and wilfully as charged, or whether he was so confused by duplicate and countermanding notices and orders as to be excused.

The jury found Wright guilty as charged. He was sentenced to five years' probation and a fine of $2,000 and on November 19, 1971 he filed this appeal and appears in propria persona. He is and has been at liberty.

██ Wright raises some ten contentions of error, all of which are without merit, and only three warrant comment. We affirm.

1. Was the Local Board's action, the including of minutes of the defendant's personal appearance in his SSF without notifying the defendant of the existence of those minutes, a denial of due process?

---

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

Wright had requested change of his I–A classification to that of I–O (conscientious objector). On December 6, 1966 the Board met with Wright personally in connection with his request and the Clerk filed a document or memo of the purpose and the result of that meeting. The memo is no less nor more than a clear recital of reasons the Board granted Wright's requested I–O classification. The memo was required had the Board refused the I–O classification. United States v. Andersen, 447 F.2d 1063 (9th Cir. 1971). The memo contained no adverse recitals and though not required, was in nowise prejudicial to Wright's appeal.[1]

2. Did the appeal board's action in classifying the defendant I–O without stating reasons for that classification bar effective judicial review of such a classification?

Wright appealed from that portion of his requested I–O classification which provided for compulsory civilian employment.

■ The requirement that Selective Service registrants perform work of national importance in lieu of service is constitutional. O'Connor v. United States, 415 F.2d 1110 (9th Cir. 1969), cert. denied, 397 U.S. 968, 90 S.Ct. 1002, 25 L. Ed.2d 263 (1970); United States v. Perrin, 431 F.2d 875 (9th Cir. 1970).

■ He raised no issue, he presented no information that indicated he was entitled to any other classification save I–O. All he did was to ask the appeal board to entertain an action beyond its authority and to engage in an illegal act (releasing him from a civilian service obligation). Under these circumstances the appeal board acted properly in affirming the classification awarded by the local board without comment. In circumstances like these, this Court has held that no express reasons need be stated. United States v. Kember, 437 F. 2d 534 (9th Cir. 1970).

■ 3. Was the defendant denied due process of law when the State Director failed to transfer the defendant's work assignment hearing to an out-of-state board?

While the Selective Service Regulations do provide for transfers to a more convenient board prior to an undertaking of the classification and during the classification procedure, there is no such provision with reference to hearings to determine the nature of civilian work to be performed by the registrant. See 32 C.F.R. Section 1660.20.

■ We add, generally, that there was a four months' delay on the part of the board in forwarding Wright's SSF to the appeal board. There were numerous errors, omissions and insufficiencies in the file for an appeal. There was no advice as to the right of legal counsel. None of these factors prejudiced Wright as the appeal board affirmed his requested I–O classification in accordance with the existing regulations and law. United States v. Nelson, 467 F.2d 1364 (9th Cir. 1972).

A reader gleans from the record that Wright was at no time unadvised as to his rights and was motivated throughout with a determination not to serve the alternative civilian duty, whether or no. He is intelligent and well-educated. He was well aware of the contents of his SSF and of applicable regulations. He was represented by four able counsel who served him well, but not to his satisfaction. Wright did show an after-indictment willingness to serve, but no civilian duty was then available. The jury found the essential wilful intent element of the charge and we would agree with them.

Affirmed.

1. *Cf.* United States v. Droge, 464 F.2d 439 (9th Cir. 1972), in which a highly prejudicial summary of statements and actions at an appearance before a local board was prepared by a secretary and placed in the registrant's file. The registrant received no copy and had no opportunity to respond to the prejudicial material.