UNITED STATES of America,
Plaintiff,

v.

Paul Edward ROWTON, Defendant.

Crim. A. No. 24011.

United States District Court
W. D. Kentucky.

March 30, 1955.

J. Leonard Walker, U. S. Atty., William B. Jones, Asst. U. S. Atty., Louisville, Ky., for plaintiff.

Victor F. Schmidt, Columbus, Ohio, Hayden C. Covington, Brooklyn, N. Y., for defendant.

SHELBOURNE, Chief Judge.

The defendant was charged with violation of Section 12(a) of the Universal Military Training and Service Act of 1948, 50 U.S.C.A.Appendix, § 462, in failing to carry out a duty prescribed by Section 1660.30 of the Selective Service Regulations, 32 CFR Sec. 1660.30 et seq.,

i. e. "Fails or neglects to obey an order from his local board to perform civilian work contributing to the national health, safety, or interest in lieu of induction * * *."

The case was joined with that of United States v. Charles Freelan Wheeler, D.C. No. 24,012, for purposes of trial only and they were tried by the Court without a jury under Rule 23 of the Rules of Criminal Procedure, 18 U.S. C.A. At the end of the trial, the Attorney for the defendants moved for a judgment of acquittal in each case.

Defendant in this case was classified by his local draft board in class 1–O as a conscientious objector. The defendant had sought to establish that he was also a Minister of Religion and thereby entitled to be classed as such in class IV–D, which latter classification would have exempted him from the performance of civilian work contributing to the national health, safety, or interest.

The Government made a prima facie case by the stipulated introduction of the Selective Service files, and the testimony of the chairman of the local board. Each defendant was called as a witness in his own behalf, and the essential part of the testimony thus evoked evolved around the personal appearance before the local board on December 17, 1951.

■■■■■ The defendant attacks the indictment on the ground that it does not follow the statutory phraseology closely enough to allege an offense. While admitting in his brief that this defendant failed to accept the ordered work, counsel argues that a charge of refusing to "accept" such work does not adequately advise the defendant of the charges against him and does not state an offense under the statute. We hold that this argument is not only superficial but also fatally tardy. No timely motion for dismissal on this ground was previously filed with the court nor was a Bill of Particulars requested. The indictment fulfilled its office when it informed the accused of the nature of the

charge so as to enable him to prepare any defense he might have. Zuziak v. United States, 9 Cir., 119 F.2d 140; United States v. Norton, 2 Cir., 179 F.2d 527.

Although the defendant admits that he was permitted to appear before the local board to present information which he hoped would justify a reclassification from class 1–O to IV–D, he alleges that he was denied a full hearing and that the board would not permit him to fully demonstrate his ministerial status by a discussion of the evidence in his favor. Chairman Hatfield, testifying for the government denies this, and we credit his testimony. The defendant's file is replete with documentary evidence on the point, and he was given a full opportunity to add any information which would have changed or supplemented the available facts.

The case of Martin v. United States, 4 Cir., 190 F.2d 775, 776, appears in point. There, the Court at page 778 of 190 F.2d said—

"There is nothing in the record to justify any contention that the board acted arbitrarily or unreasonably or otherwise abused its discretion in denying appellant's claim to ministerial status under the Act.

"And we do not think that there is validity in the contention that appellant has been denied due process of law or rights given him under the Selective Service Regulations, 1624.2, 32 C.F.R. (1949 ed.) p. 802. His contention is that, after he had demanded the right of personal appearance under Regulation 1624.2 (a), he was denied the right upon his appearance to discuss his classification, as provided by subparagraph (b), and that the board did not classify him again as required by subparagraph (c) or mail him notice of the new classification as required by subparagraph (d). We agree that failure to accord a registrant the rights provided by these provisions of the regulation would invalidate the action of the draft

board and concur in what was said by the Court of Appeals of the Third Circuit in United States v. Stiles, 169 F.2d 455, in that regard. We think, however, that the provisions of the regulations were complied with in the case of this appellant.

"Appellant was granted the right to appear in person before the board and made a personal appearance. He was told to reduce what he had to say to writing so that it could be included in his file if there should be an appeal from the board's action; and he wrote out what he had to say and read it to the board. There is no evidence that he desired to say anything to the board not included in the statement, except that he wished to read to the board passages from the Bible and argue therefrom that he had been ordained according to the scriptures, and even this was fully covered by the statement read and his letters contained in the file. Appellant, therefore, was accorded the personal appearance before the board for which the regulations provide and was allowed to say what he wished with respect to his classification. A reading of his statement which was sent up with the papers in the case renders absolutely absurd any contention that he was not granted an adequate hearing upon his personal appearance. * * *

"To hold that the order of the board was void, under such circumstances, merely because a notice was not sent to appellant of action of the board, of which he already had full notice, in order that he might take an appeal, which had already been taken for him, would be to stultify the administration of the law."

■ The defendant's interpretation of the Selective Service Regulations as requiring a mandatory reclassification of any registrar who makes a personal appearance for that purpose, "in the same manner as if he had never before been classified" seems contrary to the plain wording of those regulations at the time the matter was considered.

It is true that prior to September 25, 1951, the Selective Service Regulations, Section 1624.2(c), as published by Executive Order 9988, August 20, 1948, U.S. Code Congressional Service, 1948, p. 26-81, required that the local board make such a mandatory reclassification. This was changed, however, on September 25, 1951, by Executive Order 10,292, U.S. Code Congressional and Administrative News, p. 1098, which dropped the language in question and added the following:

"If the local board determines that such new information does not justify a change in the registrant's classification, *it shall not reopen the registrant's classification.*" (Emphasis added.) U.C.Code Congressional and Administrative News, p. 1117.

This new regulation was interpreted by the Supreme Court in the case of Gonzales v. United States, 75 S.Ct. 409, handed down on March 14, 1955, consistent with our holding here. But, notwithstanding this change in the applicable regulation prior to the defendant's hearing before his board in December, 1951, we hold that the local board's action was sufficiently broad to comply with the regulation previously in effect.

As the Supreme Court said in Witmer v. United States, 75 S.Ct. 392, 397, handed down on the same date as the Gonzales opinion, supra:

"Petitioner also complains of the local Board's action in not formally reopening his case at the March 19, 1951, meeting when he filed his application for reclassification as a minister. According to the testimony of the clerk of the Board, the Board chairman had stated that the case was out of their hands because petitioner had taken an appeal. The record of this hearing, however, shows that Witmer did offer his

proof, and that the Board did discuss the matter. The chairman then told Witmer that the new evidence he submitted did not entitle him to a ministerial exemption. It is true that § 1624.2(b) and (c) of the regulations, 32 CFR (1949 ed.), required that the case be reopened and the registrant reclassified. However, in view of the concurrent findings of the trial judge and the Court of Appeals that there had, in fact, been a reconsideration of Witmer's claims and that he was then personally advised of his continuance in the I–A classification, we think the command of the regulation to reopen and reclassify was honored, even though the Board's action was not tagged with those words. In this state of the record, the contention of Witmer narrows down to mere cavilling. No prejudice is claimed from this and we find no error."

█ The defendant's file gives ample evidence of the full opportunity given the defendant to prove his ministerial as well as his conscientious objector status under the regulation, and we are not entitled to weigh these facts anew, as the court in United States v. Roberson, D.C.W.D.Okl.1952, 108 F.Supp. 423, stated at page 424:

"Under the evidence in this case the only way the jury could have found that the board acted arbitrarily and capriciously would have been by going over the file and reweighing its contents and thus concluding that the board had erroneously classified the registrant and therefore were arbitrary and capricious. This is the very thing the jury is not permitted to do."

█ We have read the recent case of Chernekoff v. United States, decided by the United States Court of Appeals for the Ninth Circuit, 219 F.2d 721, which is cited to us by the defendant as supporting the argument that the local board's failure to post the names of the advisors under Section 1604.41 at its offices is a failure of essential due process. The facts in that case are substantially different from those presented here. There the registrant was classified 1–A without being given a résumé of the adverse information in his file and was clearly shown to have suffered materially from a lack of good counsel and procedural fairness in the disposition of his appeal. The contrary appears in this case, since the board accorded the defendant a conscientious objector classification after reviewing the evidence and the record at the trial shows that neither this defendant nor defendant Wheeler in the companion case ever actually sought the advice of an Advisor provided under the Regulations.

As was said in United States v. Fry, D.C.S.D.N.Y.1952, 103 F.Supp. 905, 909:

"The court must look to substance rather than to form. The registrant was not injured in any respect by failure to receive this notice."

Defendant's challenge of the Selective Service regulations providing for civilian work in lieu of induction, the board's order based thereon and the statute establishing the same, have all been answered fully in the case of United States v. Niles, D.C.N.D.Cal.1954, 122 F.Supp. 382, 384, where the court said:

"The defendant's first contention is that the work assigned to him by the local board, as well as the Selective Service Regulations are in conflict with the intent of Congress as expressed in the Military Training and Service Act, which provides that objectors shall be assigned 'such civilian work contributing to the maintenance of the national health, safety, or interest as the local board may deem appropriate.' * * *

"A health program conducted by any political subdivision of this nation contributes to the general welfare of the nation as a whole. The mere fact that such activities are carried out in the name of a political

subdivision of the state or county rather than in the name of the United States itself, does not diminish the importance of the work, or cause it to lose its contributory relationship to the national health.

"Defendant next contends that the Military Training and Service Act, as construed and applied by the Regulations and the local board's order, calls for a private non-federal labor draft for the performance of services that are not exceptional or related to the national defense in violation of the 13th Amendment of the United States Constitution; and further that the Act deprives the defendant of due process of law contrary to the 5th Amendment.

"The constitutionality of the Selective Service Law has been attacked on many occasions. In every case the constitutionality of the law has been upheld. United States v. Henderson, 7 Cir., 180 F.2d 711. * *

"It is well settled that congress has the right to require service of an objector in work of national importance without violating the 13th Amendment. Heflin v. Sanford, 5 Cir., 142 F.2d, 798, 799.

"Whether or not the requirement that work of national importance be done with an agency other than an agency of the United States government is violative of this constitutional provision is a question which has been raised but once before. U. S. of America v. Wylie, No. 11060, D.C.N.D.Cal. May 3, 1954. The court in that case ruled that it is not violative of the 13th Amendment. I am in accord with this holding. The 13th Amendment abolished slavery and involuntary servitude, except as a punishment for crime, but was never intended to limit the war powers of government, or its right to exact by law public

service from all to meet the public need. Heflin v. Sanford, supra.

"Defendant contends that the Act as construed by the Regulations and order of the local board deprives him of due process of law because the means selected do not have a real and substantial relation to the object sought to be obtained. The object of the Act and the Regulations is to exact public service from all to meet the public need. Defendant has refused to serve in one capacity, and has been offered as an alternative the privilege of serving in another capacity, one which it is felt will serve the country's need. Certainly national defense and preparedness is accomplished by more than the strength of arms alone. In the position offered to defendant is an opportunity to contribute to the national welfare.

"As its last contention defendant maintains that the Act as construed by the Regulations and order is unconstitutional in that it is an unlawful delegation of legislative and presidential authority. Defendant states that it is possible under the order of the local board that he will be assigned to work which may have no relation to health, safety, or interest of a national scope. In view of the fact that this court has construed employment in a state charitable institution as work contributing to the maintenance of the national health, safety, or interest, any work done by defendant for such institution within the scope of its operation, is proper and in accordance with the standard set forth by congress."

In accordance with the above, the motion of the defendant for acquittal is hereby denied and accordingly it is adjudged by the Court that the defendant is guilty as charged in the indictment.