UNITED STATES of America

v.

Forrest Elwood HOWE.

Cr. No. 55–278.

United States District Court
D. Massachusetts.

June 25, 1956.

Anthony Julian, U. S. Atty., Thomas P. O'Connor, Asst. U. S. Atty., Boston, Mass., for plaintiff.

Forrest Elwood Howe pro se, Middleboro, Mass., Clarence P. Kudish, Boston, Mass., Hayden C. Covington, Brooklyn, N. Y., for defendant.

FORD, District Judge.

Defendant Forrest Elwood Howe has been indicted for violation of the Selective Service Act, Universal Military Training and Service Act, 50 U.S.C.A. Appendix, § 462, for failing to report for civilian work as ordered by his local board. Defendant waived jury trial. At the close of all the evidence defendant moved for entry of a judgment of acquittal.

Defendant registered with Selective Service Local Board No. 130 at Middleboro, Massachusetts. He claimed classification as a minister of religion. He was classified by the local board as a conscientious objector and placed in Class I-O. This classification was not changed by the board following a hearing, and was upheld by the appeal board. Defendant reported as directed for a physical examination and was found to be physically and mentally acceptable on January 29, 1953. He failed to designate the type of civilian work he was willing to do. No agreement as to such work was reached at a hearing given him by the local board, which thereafter selected civilian work for him. On April 12, 1954, he was ordered to report for civilian work on May 12, 1954. He failed to report and was thereafter indicted.

During the first week of October, 1953, he visited the office of the local board and talked with the secretary of the board. He told her that he wished a deferment on the ground that his father was ill and unable to work and that defendant was now the main source of support for the family, and asked to be referred to some official of the board who would help him to fix up his papers to get a change of classification. The secretary told him that the appeal board had already decided his classification, that his file was now in the hands of the State Director and not in the office of the local board, and that it was too late to reopen the case. Defendant thereafter took no steps to reopen the case.

The national Director of Selective Service had not appointed the advisors to registrants provided for by § 1604.41 of the Selective Service Regulations, 32 C.F.R. § 1604.41,[1] and, consequently, no

---

1. As effective during the period applicable here, the section reads: "§ 1604.41 *Appointment and duties.* Advisors to registrants shall be appointed by the Director of Selective Service upon recommendation of the State Director of Selective Service to advise and assist registrants in the preparation of questionnaires and other selective service forms and to advise registrants on other matters relating to their liabilities under the selective service law. Every person so appointed should be at least 30 years of age. The names and addresses of advisors to registrants within the local board area shall be conspicuously posted in the local board office." The section has since been amended to read that advisors "may be appointed" rather than "shall be appointed".

list of such advisors was posted, as the regulations required, in the office of the local board.

Under the Selective Service Regulations, § 1625.1(a) classifications are not permanent, and a procedure is set forth in § 1625.2 whereby a registrant's classification may be reopened and considered anew. Defendant, of course, did not follow the required course of making written request, in accordance with the regulation, for such a reopening. However, he was misled, first of all, by the incorrect information given him by the secretary of the board. Secondly, because of the failure to name the advisors to registrants, he was deprived of the opportunity to which he was entitled under the regulations of being properly advised by such persons as to his rights and the correct procedure for asserting them.

Defendant's contention is that as a result of the incorrect information given to him by the secretary of the local board and the failure to name the advisors to registrants, there has been such a denial of procedural due process as to invalidate the order of the board that he perform civilian work. Numerous decisions have been cited by both sides in which the courts have reached different conclusions as to the effect on the validity of orders to report for induction or civilian work of a failure to name advisors to registrants or to post the names of such advisors. In the numerous cases cited by the United States, the decision appears to have rested in each instance on the finding that no actual prejudice to the defendant resulted.[2] But where it has been shown that the lack of opportunity to consult with these advisors may have substantially prejudiced the defendant, it has been held that there has been a denial of procedural due process which precludes a conviction. United States v. Schwartz, D.C.E.D.N.Y., 143 F.Supp. 639; United States v. Scott, D.C.E.D. Wis., 137 F.Supp. 449.

In the present case there is substantial reason for believing that defendant may have been prejudiced by what occurred. It is for the local board, of course, and not for this court, to decide whether his claim to deferment should have been allowed. But he did have a right to present such a claim, with evidence to support it, and have it passed upon by the board. The incorrect information given him misled him as to his right to assert his claim, and the failure to name the advisors required by the regulations deprived him of the assistance to which he was entitled. Had the advisors been named, and had their names been properly posted in the office, he could readily have sought their aid, been correctly advised and enabled to make a proper application which could have resulted in his reclassification by the local board. In the circumstances it must be found that defendant has been denied the procedural due process guaranteed by the regulations and has been substantially prejudiced by such denial.

Defendant's motion is allowed, and a judgment of acquittal will be entered.

2. In a recent case in this court where defendant relied on a similar failure to name advisors, Judge Sweeney, in denying a motion for judgment of acquittal, found that "The defendant has failed to establish in what way he was prejudiced by this omission." United States v. Steele, D.C., 142 F.Supp. 242, 246.